An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN HENDERSON, II,
Appellant,
vs.
AMY HENDERSON,
Respondent.

No. 62764

FILED

DEC 2 9 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a post-divorce decree order relinquishing jurisdiction over child support issues to Pennsylvania. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

Two weeks before the parties filed a petition for divorce in Nevada to set child support, an order establishing appellant's child support obligation was entered in Pennsylvania. The child support issue was litigated in Pennsylvania for several years before appellant requested the district court in this state to clarify its jurisdiction over child support. The district court held a Uniform Interstate Family Support Act (UIFSA) conference with the Pennsylvania judge and determined that Pennsylvania had jurisdiction. This appeal followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly determined that the Pennsylvania child support order controlled. *See Holdaway-Foster v. Brunell*, 130 Nev., Adv. Op. 51, 330 P.3d 471, 473 (2014) (explaining that this court reviews an order regarding continuing, exclusive jurisdiction over child support de novo). The parties' joint petition for divorce did not address continuing, exclusive jurisdiction over child support, and thus,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-40071

NRS 130.205(1)(b)'s provision allowing the parties to consent to jurisdiction did not apply. And because Pennsylvania is the child's home state, the Pennsylvania child support order controlled. NRS 130.207(2) (providing that if two states have continuing, exclusive jurisdiction because at least one of the parties resides in each of the states, the order from the state in which the child resides controls). Thus, the district court did not err in relinquishing jurisdiction over child support to the Pennsylvania court. Lastly, the district court did not abuse its discretion by failing to include findings of facts and conclusions of law in its order because the order was supported by substantial evidence in the record. *See Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004) ("Rulings supported by substantial evidence will not be disturbed on appeal." (internal quotations marks omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Vincent Ochoa, District Judge
Warm Springs Law Group
Christopher P. Burke
Eighth District Court Clerk

